UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.:
DIVISION:

GEORGE MURPHY,

Plaintiff,

vs.

COTTRELL, INC.

Defendant.
_____________________________/

**COMPLAINT**
**COMPLAINT AND JURY DEMAND**

The Plaintiff, GEORGE MURPHY, sues Defendant, COTTRELL, INC., a foreign corporation, and alleges:

**JURISDICTION and VENUE**

1) This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (Diversity of Citizenship), because the amount in controversy exceeds $75,000.00 exclusive of interest and costs and this is an action by an individual Plaintiff who is a citizen of a different state from the Defendant.

2) The Plaintiff was and is at all times material an American citizen and resident of the state of Tennessee. This action is brought as a result of personal injuries to Plaintiff which took place on December 9, 2008 in Leon County, Florida.

3) Venue is proper in this district pursuant to 28 U.S.C. §1381(a) and 1391(c) because the Plaintiff received injuries in Leon County, Florida, a part of the Northern District of Florida.

## GENERAL ALLEGATIONS

4) At all times material hereto, the Defendant, COTTRELL, INC., was a Georgia Corporation, and manufactured over the road trailers used for hauling automobiles.

5) COTTRELL, INC. is engaged in the research and development, marketing, distribution, manufacturing, promoting, labeling and selling of car haulers including the car hauler at issue. The defendant has conducted and is conducting regular business transactions and sales of their car hauler trailers throughout all of the United States and in particular the state of Florida, and in Leon County, Florida.

6) The Defendant, COTTRELL, INC., by design, uses a tie down system for automobiles which consists in part of a chain and ratchet system. This system requires that chain be wrapped around a cylinder or barrel which is then secured through a ratchet system whereby the operation exerts force through the use of a tie bar on the ratchet; hereafter referred to as the "chain/ratchet tie down system".

7) On or about December 9, 2008 at approximately 3:00 PM, at the Dodge, Jeep, Chrysler located in Leon County, the Plaintiff was setting and tightening a Dodge Ram Pickup vehicle with the above described chain/ratchet tie down system on a COTTRELL trailer, vehicle identification number 5E0AH14485G005770. At said time and place, the chain around the barrel overlapped and while exerting extreme force to secure the vehicle, the wrapped chain set or moved suddenly

causing the tie bar to jerk in the Plaintiff's grasp, causing injury to his shoulder and neck.

**COUNT I**

**NEGLIGENCE OF COTTRELL**

8) The Plaintiff realleges the allegations numbered 1 through 7 in the Jurisdiction and Venue and General Allegations as if fully set forth herein and further alleges:

9) At all times material hereto, the Defendant, COTTRELL, INC., had a duty to exercise reasonable care in the research and development, design and manufacturing of its product.

10) At all times material hereto, the Defendant, COTTRELL, INC., had received reports from users of its product and from within the car hauler industry, both in writing and orally, that the chain application to the cylinder/barrel would "self-set" or suddenly adjust on itself while the user was applying the necessary force on the chain/ratchet to secure the vehicle to the trailer. This sudden self-set in turn caused or contributed to the user experiencing a sudden or extreme jerk in the user's grasp of the tie bar and subsequent personal injury.

11) At all times material hereto the Defendant, COTTRELL, INC., was negligent by failing to analyze available car hauler industry testing and injury reporting data, which would have shown the high rate of injury to users of COTTRELL, INC.'s chain/ratchet tie down system.

12) At all times material hereto, the Defendant, COTTRELL, INC., knew or should have known that the chain/ratchet tie down system was unreasonably

dangerous to its user as it exposed workers to an unreasonable risk of harm in the foreseeable use of its chain/ratchet tie down system.

13) At all times material hereto, the Defendant, COTTRELL, INC.'s, negligence consisted of one or more acts of commission or omission, or one in combination with the other of the following:

(a) The chain over wrapped on the cylinder/barrel was not suitable for its foreseeable use as the chain would self-set on the barrel, or suddenly move from its place on the barrel as force was applied.

(b) The chain/ratchet tie down system ratio and configuration caused unreasonably dangerous force to be exerted on the previously described chain/barrel set-up.

(c) The Defendant, COTTRELL, INC., failed to conduct reasonable safety testing and analysis of its product design which would have shown the design defect, as previously alleged in (a) and (b) above.

14) The Defendant, COTTRELL, INC.'s, chain/ratchet tie down system was negligently designed for the reasons set forth in Paragraph 13 (a), (b), and (c).

15) At all times material hereto the Defendant, COTTRELL, INC., was further negligent when the Defendant continued to manufacture its trailer with the chain/ratchet tie down system, which contained the design defects set forth in Paragraph 13 (a), (b), and (c).

16) On or about December 9, 2008 the Plaintiff, GEORGE MURPHY, was securing a Dodge Ram Pickup Truck onto a COTTRELL trailer, vehicle identification number 5E0AH14485G005770. As a result of the Defendant's negligence, the Plaintiff was

exerting force on the tie bar connected the ratchet barrel system when the chain self-set and caused a sudden jerk of the tie bar in the Plaintiff's grasp causing injury to the Plaintiff's shoulder and neck.

17) As a direct and proximate result of the aforesaid negligence of the Defendant and the accident of December 9, 2008, the Plaintiff has been injured in and about his body and extremities, suffered pain therefrom, incurred medical expenses in the treatment of said injuries, has suffered wage loss and has suffered loss of wage earning capacity as a result of his injuries from the accident. The Plaintiff's injuries have resulted in a permanent injury within a reasonable degree of medical probability and the permanent nature of his injuries will require future medical treatment and will result in permanent loss of important bodily function and the loss of an earning capacity to be experienced in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages suffered by the Plaintiff and requests trial by jury on all issues so triable.

**COUNT II**

**STRICT LIABILITY OF DEFENDANT, COTTRELL**

18) Plaintiff realleges the allegations as set forth in the Jurisdiction and Venue and General Allegations paragraphs 1 through 7 and further alleges:

19) The Defendant's defectively designed chain/ratchet tie down system existed at the time and place the Defendant placed the tie down system into the stream of commerce and their product, the COTTRELL trailer, vehicle identification number

5E0AH14485G005770, was not altered or modified and did reach the Plaintiff, MURPHY, in a defective condition.

20) The Defendant's chain/ratchet tie down system was defective by design and unreasonably dangerous to foreseeable users in that when force was exerted on the tie bar connected the ratchet barrel system the chain self-set and caused a sudden jerk of the tie bar in the Plaintiff's grasp causing injury to the Plaintiff's shoulder and neck.

21) On or about December 9, 2008 the Plaintiff, GEORGE MURPHY, was securing a Dodge Ram Pickup Truck onto a COTTRELL trailer, vehicle identification number 5E0AH14485G005770, and as a result of the Defendant's defective and unreasonably dangerous design, more particularly set forth in Paragraph 13 above, caused a sudden jerk of the tie bar in the Plaintiff's grasp causing the Plaintiff to suffer personal injuries and damages.

22) As a direct and proximate result of the Defendant's defective and unreasonably dangerous design of its chain/ratchet tie down system and accident of December 9, 2008, the Defendant is strictly liable to Plaintiff for the injuries he suffered.

23) As a direct and proximate result of the aforesaid design defect and unreasonably dangerous product, the Plaintiff has been injured in and about his body and extremities, suffered pain therefrom, incurred medical expenses in the treatment of said injuries, has suffered wage loss and has suffered loss of wage earning capacity as a result of his injuries from the accident. The Plaintiff's injuries have resulted in a permanent injury within a reasonable degree of medical probability and the permanent nature of his injuries will require future medical treatment and

will result in permanent loss of important bodily function and the loss of an earning capacity to be experienced in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages suffered by the Plaintiff and requests trial by jury on all issues so triable

PAUL M. DOOLITTLE, P.A.

By ____/s/ Paul M. Doolittle_________

Paul M. Doolittle
Attorney for Plaintiff
FBN: 829145
4811 Atlantic Blvd., Suite 3
Jacksonville, FL 32207
(904) 396-1734
(904) 396-1757 – fax
*paul@pauldoolittlelaw.com*
Service E- Mail – paul@pauldoolittlelaw.com